**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT FORNEY, # B-53187,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-798-NJR** |
| | ) | |
| **ILLINOIS DEPT. of CORRECTIONS,** | ) | |
| **S.A. GODINAS,** | ) | |
| **RANDY DAVIS,** | ) | |
| **LARVE LOVE,** | ) | |
| **and UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Vienna Correctional Center ("Vienna"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a five-year sentence for attempted burglary. Plaintiff claims that he has been subjected to unconstitutional conditions of confinement.

More specifically, Plaintiff states that he was placed in Vienna on May 9, 2014, and housed on the Second Floor of Building 19 (Doc. 1, p. 7). He claims that an unidentified website showed that Building 19 had been condemned. Inmates are housed there in overcrowded conditions, with too few toilets and showers. The doors are locked at night, which Plaintiff believes to be a fire hazard.

Plaintiff claims that he was assigned to a bunk in close proximity to two inmates who had scabies and to another who had Hepatitis C (Doc. 1, p. 8). He fears that he was exposed to these diseases because he was in close contact with the affected prisoners, and they shared drinking

and bathroom facilities.  On one occasion, the two prisoners with scabies were removed from the housing area under medical quarantine, but they were returned the next day.

Plaintiff was moved to the Third Floor of Building 19 at some point, and the two inmates with scabies were moved with him.  In addition, Plaintiff was assigned to a bunk right next to a different inmate who suffered from open sores all over his body, which leaked fluid from his legs (Doc. 1, p. 9).  General conditions on the Third Floor were equally as bad as on the Second Floor, including water leaking from the ceiling, moldy pipes in the restroom, and mold on the shower walls.

On May 29, 2014, Plaintiff submitted a grievance complaining about his potential exposure to diseases from his neighboring inmates (Doc. 1, pp. 9, 13-14).  Counselor Branche (who is not a Defendant) responded, advising Plaintiff to contact Health Care if he felt ill, and noting that his grievance was not a request form to be moved.

Later on, Plaintiff was moved out of Building 19 to Unit 4.  In that new location, he was not provided with a mattress, but merely had a "piece of synthetic material that was a mattress at one time" (Doc. 1, p. 11).  He claims he attempted to get a mattress without success, but he neither describes what efforts he made to do so nor identifies whom he asked for help.  He states that Defendant Love is the administrator over operations at Vienna, implying that he should be responsible for the conditions in the prison.

Plaintiff also brings suit against Defendants Godinas (Director of the Illinois Department of Corrections), Davis (Vienna Warden), and the Unknown Party Health Care Administrator over the conditions he describes.  He seeks monetary damages from each Defendant, including from Defendant Illinois Department of Corrections (Doc. 1, p. 12).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment claim that Vienna official(s) were deliberately indifferent to the serious risk that Plaintiff could contract a disease from being housed in close quarters with inmates who suffered from scabies, Hepatitis C, and open, draining sores;

> **Count 2:** Eighth Amendment deliberate indifference claim that Vienna official(s) subjected Plaintiff to unsanitary conditions of confinement in Building 19;

> **Count 3:** Eighth Amendment deliberate indifference claim that Vienna official(s) failed to provide Plaintiff with a mattress in Unit 4.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint, as pled, fails to state an actionable claim against any of the named Defendants. The complaint shall thus be dismissed, with leave to amend.

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

In order to prevail on a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v.*

*Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted; in other words, the state of mind of the defendant. *Jackson*, 955 F.2d at 22; *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, this is deliberate indifference to inmate health or safety; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

The objective conditions described by Plaintiff may be serious enough to indicate violations of the Eighth Amendment. However, the complaint does not indicate that Plaintiff made any of the named Defendants aware of the risks to his health presented by those conditions. Unless a Defendant was put on notice of the risk, he or she cannot be found to be deliberately indifferent to any threat Plaintiff faced. Plaintiff describes no contact at all with any of the individual Defendants. The grievance he filed on May 29, 2014, was returned to him by the counselor, and he does not claim to have made any further efforts to request a move or an

appointment with a medical provider.  After Plaintiff was moved to Unit 4, he claims to have asked someone to provide him with a proper mattress, but he does not disclose the identity of that individual.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted).  In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.  Although some of the named Defendants may have supervised the individual(s) to whom Plaintiff directed his requests for a mattress or other assistance, this is not enough to impose liability on those administrators.  The doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  None of the factual allegations in the complaint indicates that Defendants Godinas, Davis, Love, or the Unknown Health Care Administrator was "personally responsible for the deprivation of a constitutional right." *Id.*  Accordingly, Plaintiff has not stated a claim against these Defendants upon which relief may be granted.

For these reasons, Plaintiff's complaint (Doc. 1) shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint to correct the deficiencies in his pleading.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review pursuant to § 1915A.

Plaintiff shall note that he may not maintain an action seeking damages against the

Defendant Illinois Department of Corrections ("IDOC"), because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, the Illinois Department of Corrections shall be dismissed from this action with prejudice.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **HELD IN ABEYANCE** pending the receipt and review of Plaintiff's amended complaint.

The motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT.** Because Plaintiff's motion for leave to proceed *in forma pauperis* has been granted (Doc. 6), no such motion is required. If Plaintiff submits an amended complaint that survives § 1915A review, the Court will order service on any Defendants against whom a viable claim is stated. See Fed. R. Civ. P. 4(c)(3).

## Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **ILLINOIS DEPARTMENT of CORRECTIONS** is **DISMISSED with prejudice** from this action.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **September 3, 2014**). It is strongly recommended that Plaintiff use the forms designed for use in

this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 14-cv-798-NJR.  The amended complaint shall present each claim in a separate count as designated by the Court above.  In each count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: July 30, 2014**

Digitally signed by Nancy J
Rosenstengel
Date: 2014.07.30 15:16:50 -05'00'

_____
NANCY J. ROSENSTENGEL
United States District Judge