IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT FORNEY, # B-53187,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-798-NJR |
| | ) |
| **S.A. GODINAS,** | ) |
| **RANDY DAVIS,** | ) |
| **LARVE LOVE,** | ) |
| **and PENNY GEORGE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  This matter is before the Court for case management. On October 29, 2014 (Doc. 11), Plaintiff was ordered to submit a Second Amended Complaint no later than December 2, 2014, if he wished to proceed further with his claims. That order dismissed Plaintiff's First Amended Complaint (Docs. 9 & 10) without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. The original complaint had likewise been dismissed for the same reason (Doc. 7). Plaintiff was instructed that if he failed to file a new amended complaint by the Court's deadline, this action would be dismissed, and the dismissal would count as a "strike" under 28 U.S.C. § 1915(g).

  Two weeks have now passed since the expiration of Plaintiff's deadline to file his amended complaint. No amended pleading or any other document has been received from Plaintiff. It thus appears that he has abandoned his claims. Accordingly, this action shall be dismissed.

  **IT IS ORDERED** that this action is **DISMISSED** with prejudice pursuant to 28 U.S.C.

§ 1915A, because Plaintiff's pleadings have failed to state a constitutional claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remaining balance of his $350.00 filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 16, 2014**

                                                    **NANCY J. ROSENSTENGEL**
                                                    **United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).